IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD K. PINK § | | |
| (TDCJ No. 1938997), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:16-cv-3461-L-BN | |
| § | | |
| LORIE DAVIS, Director § | (Consolidated with: | |
| Texas Department of Criminal Justice, § | No. 3:16-cv-3462-L-BF; | |
| Correctional Institutions Division, § | No. 3:16-cv-3463-L-BH; and | |
| § | No. 3:16-cv-3464-L-BH) | |
| Respondent. § | | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Reginald K. Pink, a Texas prisoner, filed four *pro se* applications for writ of habeas corpus under 28 U.S.C. § 2254 – one for each state habeas application he filed. All Section 2254 petitions were consolidated into this action, *see* Dkt. No. 5 (citing FED. R. CIV. P. 42(a); N.D. TEX. L. CIV. R. 42.1), which the Court referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The State filed a response opposing relief. *See* Dkt. No. 10. Pink filed, among other things, pleadings that should be construed as a reply brief. *See* Dkt. Nos. 16 & 17.

The undersigned entered findings of fact and conclusions of law recommending that the Court deny Pink's requests for federal habeas relief [Dkt. No. 30] (the "Initial FCR"). Pink filed objections. *See* Dkt. No. 36. And the Court entered an order

recommitting this matter for supplemental findings, conclusions, and recommendation, observing that

> [t]he magistrate judge appears to have impliedly determined that Petitioner's claims were adjudicated on the merits despite Petitioner's objection to the contrary; however, given Petitioner's contention that the magistrate judge misunderstood the bases for his claims and did not consider all arguments and evidence by him, the court, out of an abundance of caution, recommits this matter to the magistrate judge, pursuant to Federal Rule of Civil Procedure 72(c), for further consideration and preparation of supplemental findings, conclusions, and recommendation in light of Petitioner's objections.

Dkt. No. 37.

The undersigned now enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should overrule Pink's objections and, for these reasons and the reasons set out in the Initial FCR, deny his requests for federal habeas relief.

## Legal Standard and Analysis

The Court previously summarized Pink's objections:

> Petitioner first contends that the magistrate judge did not apply the correct standard in addressing his claims because he failed to first expressly determine whether his claims were adjudicated on the merits. Petitioner also asserts objections pertaining to a due process claim, the parties' briefing, and the Report's discussion regarding a January 23, 2014 hearing. Petitioner contends that it is apparent from the Report that the magistrate judge misunderstood the basis for this due process claim and did not consider all of his arguments, filings, and evidence in ruling on this claim, and, instead, considered only Respondent's arguments and evidence. Petitioner clarifies that this due process claim regards his contention and evidence that he did not receive a copy of the transcript of the January 23, 2014 hearing and, contrary to the Report, a hearing did occur and he was prejudiced because, without a transcript of the hearing, he could not show that his guilty plea was involuntary and made under duress and threats by the trial court and trial counsel that

>occurred during the hearing. Petitioner disagrees that the failure to transcribe the hearing or failure to provide him with a copy of the hearing transcript does not rise to the level of a federal constitutional violation as opposed to a mere violation of state criminal procedure. In this regard, Petitioner contends that state procedures in deciding his appeal must comport with due process and equal protection clauses of the United States Constitution, and the Supreme Court has held that a defendant is entitled to a complete record on appeal in cases such as this in which an *Anders* Brief is filed and there was a guilty plea. Obj. 6 (citing *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); and *Anders v. California*, 386 U.S. 738 (1967)). He, therefore, objects to the magistrate judge's determination that he failed to show that the Texas Court of Criminal Appeals' denial of his due process claim was unreasonable. Regarding his ineffective assistance of counsel claim, Petitioner argues for similar reasons that he has established that his appellate counsel's performance was deficient by showing that he did not investigate his claim regarding an incomplete record and he refused to take necessary steps to secure records needed to prove his claims on direct appeal.

Dkt. No. 37 at 1-2.

Consideration of Pink's objections therefore begins with his contention that his federal habeas claims were not adjudicated on the merits. And, contrary to his assertion otherwise, they were.

Examining the four habeas petitions Pink filed in the state trial court, he raised six grounds – (1) that he was denied due process and the right to appeal because his conviction was affirmed on a defective *Anders* brief; (2) that he was denied a constitutional right to an evidentiary hearing regarding an allegedly incomplete appellate record; (3) that he was denied due process by not being allowed to respond to the defective *Anders* brief; (4) that he was denied the effective assistance of appellate counsel regarding an investigation concerning the allegedly incomplete appellate record; (5) that the state court of appeals denied his right to counsel by granting his

counsel's motion to withdraw; and (6) that the state trial court denied him due process and his right to appeal by not providing a complete record for appeal. *See, e.g., Ex parte Pink*, No. W13-60732-T(A) (283d Jud. Dist. Ct., Dallas Cnty., Tex., pet. filed May 18, 2016).[1]

These six claims are substantively the same as the claims he raises in this action. As summarized in the Initial FCR,

> Pink raises some six grounds, all concerning his direct appeal. He asserts that the State denied his right to appeal by (1) relying on an incomplete record and a defective *Anders* brief; (2) failing to grant him an evidentiary hearing on the completeness of the record on appeal; (3) denying him a further extension of time to file a *pro se* appellate brief; and (4) not supplying him a complete appellate record. And he asserts that his counsel on direct appeal provided ineffective assistance of counsel ("IAC") because (5) counsel failed to assert Pink's right to a complete appellate record; and (6) the state court granted counsel's motion to withdraw after he filed an *Anders* brief. *See* Dkt. Nos. 3 & 4.

Dkt. No. 30 at 2-3.

Although the state trial court failed to make findings as to Pink's habeas claims and the Texas Court of Criminal Appeals (the "CCA") denied his four state habeas applications without written order, *see Ex parte Pink*, Nos. WR-85,3528-01, -02, -03,

---

[1] *Cf. Pink v. State*, Nos. 05-14-00877-CR, 05-14-00878-CR, 05-14-00879-CR, 05-14-00880-CR, 2015 WL 3381180, at *1 (Tex. App. – Dallas May 26, 2015, pet. ref'd) ("On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. We have reviewed the record, counsel's brief, and appellant's pro se motions. We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals." (citations omitted)).

& -04 (Tex. Crim. App. Aug. 17, 2016); Dkt. No. 10-1, Ex. B, these summary denials were nevertheless adjudications on the merits, thus triggering federal-habeas review under 28 U.S.C. § 2254(d)'s deferential standards, *see Johnson v. Williams*, 568 U.S. 289, 298 (2013) (Section 2254(d) "'does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits."' Rather, ... '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 100, 99 (2011))); *see also Robinson v. Louisiana*, 606 F. App'x 199, 204 n.3 (5th Cir. 2015) (per curiam) ("[U]nexplained state-court decisions typically warrant the deferential standard of review under § 2254(d)." (citations omitted)); *Norris v. Davis*, 826 F.3d 821, 835 n.14 (5th Cir. 2016) ("Under Supreme Court precedent, even if a state court's decision to deny habeas relief is unaccompanied by an explanation, the habeas petitioner still has the burden to show that there was no reasonable basis for the state court to deny relief." (citing *Richter*, 562 U.S. at 98-99; *Hoffman v. Cain*, 752 F.3d 430, 438-39 (5th Cir. 2014))).

And Pink has not rebutted the presumption that *Richter* applies. *See Hoffman*, 752 F.3d at 438-39 ("As the [Supreme] Court has made clear, the parties bear the burden of rebutting the presumption." (citing *Williams*, 568 U.S. at 301)).

The Court should therefore overrule Pink's first objection and review his claims applying Section 2254(d) deference, as outlined in the Initial FCR. Applying that deference to the CCA's denial of his due process claims, Pink has not shown that those

denials were unreasonable.

The Fifth Circuit has held in the context of a habeas claim asserting that an allegedly incomplete trial transcript deprived a petitioner of meaningful appellate review and thus denied him due process that "claims based on incomplete transcripts must show that 'the absence of such a transcript prejudiced the defendant's appeal.'" *Higginbotham v. Louisiana*, 817 F.3d 217, 222 (5th Cir. 2016) (quoting *Mullen v. Blackburn*, 808 F.2d 1143, 1146 (5th Cir. 1987); brackets omitted). And Pink has not made this showing.

In his objections, he again argues that "clear and convincing evidence submitted by [P]ink from the Dallas Co. Electronically stored Docket Sheets and the Court reporters record [ ] prove [a] hearing took place on Jan. 23, 2014 and was on the record in an open proceeding." Dkt. No. 36 at 2 (citing Dkt. No. 4, Ex. 1. 5-8; emphasis omitted). Pink asserts that this evidence is a record attached to his petition reflecting "Sets and Passes" in his state court proceedings. *See* Dkt. No. 4 at 24 (at which Pink has circled a setting for "012314" at "0900"). This record does not reflect that a hearing was held on that date. In fact, Dallas County criminal court records publically available online, of which the Court may take judicial notice, reflect that a continuance was requested on that date and that the hearing was reset to January 27, 2014. And these state court records are consistent with the Initial FCR, which set out that

> the record – developed after an investigation by Pink's appellate counsel and the State – reflects that no hearing occurred on [January 23, 2014]. *See* Dkt. No. 10-1, Ex. C (March 28, 2015 letter from appellate counsel to the Dallas Court of Appeals – in response to Pink's *pro se* motion requesting a hearing on the allegedly lost transcript – documenting his

>   search for proof of a pretrial hearing between January 17 and 27, 2014, setting out that the trial court's docket sheet did not reflect that a hearing occurred and that the trial judge, the court report, and Pink's trial counsel all told appellate counsel that no hearing occurred); *id.*, Ex. D (March 30, 2015 letter from the appellate chief at the Dallas County District Attorney's Office – responding to the same pro se motion – documenting that office's similarly unsuccessful search for an applicable hearing during January 2014).
>
>   Second, Pink has not established that, if a hearing did occur as he alleges, there is a basis to believe that the failure to transcribe that hearing amounts to a constitutional violation. *See, e.g., Benton v. Davis*, No. 2:16-cv-15-D, 2018 WL 6111512, at *12 (N.D. Tex. Sept. 11, 2018) ("Although the reporter's failure to transcribe the reading of the charge is possible error [under the Texas Code of Criminal Procedure], the error is not a constitutional violation subject to remedy by this Court." (citing *Brossette v. State*, 99 S.W.3d 277, 285-86 (Tex. App. – Texarkana 2003, pet. ref'd)), *rec. adopted*, 2018 WL 6087699 (N.D. Tex. Nov. 21, 2018).
>
>   And, finally – again, accepting that a hearing occurred – Pink fails to show how no transcript of that hearing prejudiced his appeal. *Compare* Dkt. No. 10-1, Ex. C (appellate counsel's letter, recounting Pink's June 2014 sentencing, at which Pink pleaded guilty freely and voluntarily to the charges, the enhancement paragraphs, and the allegations in the motion to revoke and stated that he was satisfied with trial counsel's representation), *with* Dkt. No. 4 at 8 (asserting, without ellaboration, that, based on what transpired at the alleged January 2014 hearing, Pink can bring claims of "involuntary guilty plea, denial of due process, ineffective assistance of counsel, abandonment of counsel, and intimidation by the court and numerous other constitutional and fundamental violations occurred"); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam) ("re-emphasiz[ing] that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding" (citation omitted)).

Dkt. No. 30 at 9-11; *see also, e.g., Keil v. McCain*, Civ. A. No. 18-9410, 2019 WL 2439424, at *22-*23 (E.D. La. May 21, 2019) (acknowledging "that the failure to include the transcript of [a state court] hearing [may violate a defendant's] right to due process" – and thus make out "a cognizable claim for federal habeas review" – but, to show that a state court denial of such a claim is unreasonable, a habeas petitioner

must present "reliable evidence" to support his claim), *rec. adopted*, 2019 WL 2437177 (E.D. La. June 11, 2019).

Finally, for the same reasons that the CCA's denial of Pink's due process claims related to his direct appeal were not unreasonable, the CCA's denial of his claims that appellate counsel violated his right to effective assistance of counsel – as well as any claim that he was denied the right to counsel – does not amount "to an unreasonable application of *Strickland[ v. Washington*, 466 U.S. 668 (1984),] or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)).

In sum, Pink has failed to show that the CCA's denial of his habeas claims on the merits were either unreasonable or contrary to clearly established Federal law.

## Recommendation

For the reasons stated in the December 21, 2018 Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 30], as supplemented here, the Court should overrule Petitioner Reginald K. Pink's objections [Dkt. No. 36] and deny his applications for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE