IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REGINALD K. PINK #1938997,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3461-L** |
| | § | (Consolidated with 3:16-CV-3462-L; |
| | § | 3:16-CV-3463-L; and 3:16-CV-3463-L) |
| **LORIE DAVIS, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

The Findings, Conclusions and Recommendation of the United States Magistrate Judge
("Report") were entered in this consolidated action on December 21, 2018 (Doc. 30), recommending
that the court deny Petitioner's four applications for writ of habeas corpus under 28 U.S.C. § 2254
and six claims based on due process and ineffective assistance of counsel. After being granted two
extensions, Petitioner filed eight objections (Doc. 36) to the Report. The objections are summarized
in the court's prior order (Doc. 37) recommitting this matter to the magistrate judge in light of
Petitioner's contention that the magistrate judge misunderstood the bases for his claims and did not
consider all objections asserted by him.

On January 17, 2020, the Supplemental Findings, Conclusions, and Recommendation of the
United State Magistrate Judge ("Supplemental Report") (Doc. 43) were entered, recommending that
the court overrule Petitioner's objections and deny his habeas applications. Petitioner was granted
an extension to file objections to the Supplemental Report. Petitioner's objections to the
Supplemental Report were received by the court on March 5, 2020. In his objections to the

Supplemental Report, Petitioner continues to maintain that he is entitled to the habeas relief sought based on the grounds previously raised, and he contends that the Supplemental Report adds nothing new. Among other things, Petitioner asserts that the record shows that a state court hearing was held on January 23, 2014, and the failure to provide him with a hearing transcript amounted to a per se violation of his constitutional right to due process. Notwithstanding this argument and Petitioner's other contentions, the court agrees with the magistrate judge that he is not entitled to the federal habeas relief sought under applicable law for the reasons stated in the Report and Supplemental Report.

Having reviewed the pleadings, file, record in this case, Report, and Supplemental Report, and having conducted a de novo review of the portions of the Report and Supplemental Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections; **denies** Petitioner's habeas petitions; and **dismisses with prejudice** this consolidated action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report and Supplemental Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 11th day of March, 2020.

Sam A. Lindsay
United States District Judge